UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER L.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C19-5253 BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff contends the ALJ improperly pressured him to amend his onset date and abandon his Title II disability claim in violation of his right to due process. Dkt. 13. The record does not support the contention and the Court accordingly **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

In 2012 and 2104, plaintiff filed applications for disability benefits, alleging disability since May 2009. Tr. 28. Plaintiff's last date insured for Title II benefits is June 30, 2014. Tr. 30. In 2015 ALJ Robert Kingsley found plaintiff not disabled, Tr. 25-46, and the Appeals Council denied review. Tr. 1-7. Plaintiff appealed and in 2017 this Court remanded the case for further proceedings. Tr. 1643-61. On June 18, 2018, plaintiff and counsel appeared for a hearing before ALJ Marilyn Mauer. ALJ Mauer informed plaintiff that "in order to receive Title II disability

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 1

benefits, you would have to establish, through medical evidence, that you became disabled on or before that date [June 30, 2014]." Tr. 1560. ALJ Mauer also stated to plaintiff and counsel:

> By way of limiting the issues, I do find the claimant is currently disabled. However, the earliest onset date for which I find medical evidence of that disability to March 1, 2016, based on the records of Dr. Wheeler. If you wish to pursue – that's the first time I can establish there is a physical impairment that would have interfered at a disabling level of work. If you wish to pursue an earlier date, it would likely have to be on the basis of psychological issues, for which I would require a medical expert. Bearing all this mind, would you like an opportunity to talk to your client?

Tr. 1561. In response, plaintiff's counsel told the ALJ "Oh, we do want to amend the onset date, by the way to August 19th of 2012." Tr. 1562. The ALJ then stated "Okay. If you'd like an opportunity to talk to your client, please go ahead and go on out." *Id.* Counsel subsequently moved for a cardiologist and ALJ Mauer stated "I can ask for one but they're not just going to give me Dr. Yao, you know." Tr. 1563.

The record shows the following ensued:

| | |
|---|---|
| ATTY: | "I don't know how good – he would like to accept the partial –" |
| ALJ: | "All right. So you're withdrawing your application for Title II benefits sir?" |
| CLMNT: | "Yes." |
| ALJ: | "And you understand that means that you're giving up all Title II Benefits, and you're giving up your claim to any Social Security Benefits before March 1, 2016? |
| CLMNT: | "Yes." |
| ATTY: | "Can you give me an extra three months?" |
| ALJ: | "This is not *Let's Make a Deal,* Ms. Kinney. |
| ATTY: | "Well it feels like it a little." |
| ALJ: | "No it's not." |

| | | |
|---|---|---|
| 1 | ATTY: | "All right." |
| 2 | ALJ: | "This is what I saw the medical - - and you have an opportunity to have a full hearing if you disagree with my assessment of the medical records. In fact. I'm actually giving him an extra month because of the date of the thing I am relying on is actually March 29, 2016 and I'm making sure it's a full month so that it can count as a benefit month." |
| 5 | ATTY: | "Right." |
| 6 | ALJ: | "—he'll get that full month. Okay? So, March 1, 2016. Are we all agreed?" |
| 7 | CLMNT: | "Yes." |
| 8 | ALJ: | "All right. Thank you. I don't need any vocational testimony then, and I will prepare the appropriate instructions. Thank you all for your time today and this proceeding is adjourned."  Tr. 1563-64. |

On June 21, 2018, petitioner's lawyer sent ALJ Mauer a letter withdrawing plaintiff's agreement to amend the onset date to March 1, 2016 and indicating he was willing to amend the onset date to August 18, 2012. See Dkt. 13, Exhibit. ALJ Mauer found plaintiff had rescinded his agreement to amend of his onset date and held another hearing on October 26, 2018. Tr. 1565. At the October hearing, the ALJ called Dr. James Todd a cardiologist to provide medical testimony. After Dr. Todd testified the records shows the following exchange occurred:

| | | |
|---|---|---|
| | ATTY: | "You still have the same thing on the table from before? |
| | ALJ: | "Uh-huh." |
| | ATTY: | "Okay." |
| | ALJ: | "Do you want to talk to your client again?" |
| | ATTY: | "Yeah." |
| | ALJ: | "I will tell you I have those instructions written because they were written before you sent it." |
| | ATTY: | "I know." |

| | | |
|---|---|---|
| ALJ: | | "And that decision will go directly to the writers today. If I get another letter rescinding, I'm going to ask to have it assigned to a different Administrative Law Judge. Off the record." |
| ATTY: | | "March 1st?" |
| ALJ: | | "2016." |
| ALJ: | | "All right. We're back on the record. Ms. Kinney?" |
| ATTY: | | "Yes your Honor. Mr. [L] would ask that you amend his onset date to March 1st of 2016." |
| ALJ: | | Mr. [L]. I'm going to ask you the same questions I asked you at the previous hearing. Do you understand that by giving, by amending your onset date, you're giving up your claim to any benefits under Title II of the Act, and will only be receiving benefits under Title XVI, Supplemental Security Income?" |
| CLMNT: | | "Okay." |
| ALJ: | | "And do you understand that you will not receive any benefits before. That are calculated before March 1, 2016?" |
| CLMNT: | | "Yes." |
| ALJ: | | "And do you understand that having already made this agreement with you on one occasion, and if it gets rescinded again, I will not conduct another hearing, and will pass this case onto another Administrative Law Judge, and we'll start from ground zero?" |
| CLMNT: | | "Okay." |
| ALJ: | | "Okay. All right. With that understanding, this proceeding is adjourned." |

Tr. 1580-81.

On December 7, 2018, ALJ Mauer issued a favorable decision on plaintiff's SSI claim finding he was disabled since March 1, 2016 and dismissing plaintiff's Title II claim based upon the amended onset date of March 1, 2016. Tr. 1544-56.

Plaintiff contends the ALJ violated his due process rights by pressuring him into amending his onset date by "appear[ing] to have offered to award benefits as of March 1, 2016

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 4

but only if [L.] agreed to amend his onset date to that date." Dkt. 13 at 5. Plaintiff further argues at the October hearing he "accepted the ALJ's offer, as he had little choice the ALJ was apparently unwilling to evaluate any of the evidence of disability prior to March 1, 2016, nor was she willing to issue a partially favorable decision." *Id.* at 6. The record belies plaintiff's arguments.

At the June 2018 hearing the ALJ did not pressure plaintiff into amending his onset date. Rather the ALJ stated the medical evidence showed plaintiff became disabled on March 1, 2016 and that if plaintiff wished to pursue an earlier date additional medical expert evidence was needed. In advising plaintiff of her view of the evidence, the ALJ did not indicate he should amend his onset date. The first person to mention amendment is plaintiff's lawyer. There is thus nothing in the record showing the ALJ improperly pressured plaintiff into amending his onset date.

The record regarding the October hearing does not support plaintiff's contention the ALJ was unwilling to evaluate disability prior to March 2016. To the contrary, the ALJ called Dr. Todd to set forth his opinions regarding plaintiff's medical conditions and the impact of those conditions on plaintiff's ability to perform work activity, based upon a review of the medical record. Tr. 1567. The ALJ then admitted all evidence in sections A, B, D, E and F that was not previously admitted. *Id.* The ALJ also asked Dr. Todd "at any point from 2009 to the present, has the, has this gentleman had a condition that met or equaled a listed impairment?" Tr. 1573. Plaintiff's counsel also questioned Dr. Todd about neurologic limitations plaintiff had in 2014 that would affect his ability to perform detailed versus simple work. Tr. 1578. Dr. Todd indicated the record showed normal neurologic findings and there were no comments contained in the record regarding cognitive or executive functioning ability. Tr. 1579. The record shows the ALJ

was not only willing to evaluate plaintiff's disability prior to March 2016 but in fact was evaluating disability during this time period by calling a medical expert to provide testimony about that time period.

After Dr. Todd provided testimony that was not supportive of plaintiff's Title II claim, plaintiff's counsel asked the ALJ if the same offer was on the table. Again, the ALJ did not initiate a discussion on amending the onset date. Rather it was plaintiff's counsel who pursued the amendment. Counsel's tactical decision to secure Title XVI benefits given the testimony presented both at the hearing and contained in the evidence of record was thus one that plaintiff and his counsel made. Because the record is clear the ALJ did not initiate a discussion about amending the onset date, did not initiate a discussion about whether the initial offer was still on the table, and did not tell or urge plaintiff he should amend the onset date, the Court finds plaintiff has failed to establish the ALJ violated his due process rights. This is not a case in which the ALJ's behavior, in the context of the whole case, was so extreme that the matter was not fairly adjudicated and due process offended. *See c.f. Bayless v. Barhnart,* 427 F.3d 1211, 1214-15 (9th Cir. 2005) (Claim ALJ was not impartial fails where plaintiff has not specifically shown ALJ was unable to render fair judgment.).

In sum, the Court concludes plaintiff has failed to establish he was improperly pressured to amend his onset date in violation of the due process clause. Because the record shows plaintiff amended his onset date after consulting with his lawyer, and after being advised that the amendment would preclude Title II benefits, the Court need not the address plaintiff's other claims: the ALJ erred in failing to evaluate evidence from August 2012 to February 2016, and failed to properly evaluate plaintiff's residual functional capacity and make step four and five findings for the time period between August 2012 and February 2016. The Court need not

address these claims because as the ALJ informed plaintiff, by amending his onset date, plaintiff was giving up claim to any benefits under Title II of the Act. The ALJ accordingly properly did not address the evidence of disability for the time period between 2012 through February 2016, and properly made no RFC, or step four or five findings as to this time period. The Court therefore **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

DATED this 7th day of January, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge